## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONIO V. CARDONA, # R-01037, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-894-GPM |
| | ) | |
| RANDY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed the instant action on August 28, 2013, while he was incarcerated at Vienna Correctional Center ("Vienna") (Doc. 1). On September 26, 2013, he notified the Court that he had been released from prison (Doc. 7). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for violations of his rights which he claims occurred during his confinement at Vienna. He also invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1, p. 1). Plaintiff's entire statement of claim is as follows:

> I was sent to Vienna Correctional Center on 5/24/13 to Building 19 2nd Floor till 5/31/13 then was moved up to the 3rd floor in Building 19. I am under imenent [sic] danger, gross negleagence [sic], "abestos" punitive damages, verosity [sic], perpensity [sic], mental anguish, torque claim, criminal malfeasance with harmfull intent, reconstruction era law, my due process 14th/5th Admendments [sic] my C.R.I.P. Act, 6 civil acts are violated Laches 8th Admendment [sic]. Also the water at the correctional center is contaminated and we can not drink it.

(Doc. 1, p. 5).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Because Plaintiff was in prison at the time this action was filed, the requirements of 28 U.S.C. § 1915 and § 1915A apply to this action. The determination of a plaintiff's status as a

prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Plaintiff claims under the Federal Tort Claims Act can be summarily dismissed. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. The only named Defendant herein, Vienna Warden Randy Davis, is a state official. The same would be true of any other Vienna employee. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.

As for Plaintiff's claims under § 1983, aside from the dates when Plaintiff was sent to Building 19, Plaintiff's statement of claim consists almost entirely of a nonsensical string of

legalese.  The statement that he is "under imminent danger, [and] gross negligence" is an example of the type of legal conclusion that is insufficient to state a claim upon which relief may be granted.  The only factual allegation Plaintiff makes regarding prison conditions is that the water is contaminated.  He includes the word "asbestos" but says nothing further about that possible hazard, thus the Court will not speculate as to whether he experienced any risk from asbestos exposure.  These brief and sketchy statements are insufficient to state a claim that Plaintiff has been subjected to unconstitutional conditions of confinement.

Substandard prison conditions do not rise to the level of an Eighth Amendment constitutional violation unless both the objective and subjective components of such a claim are satisfied.  The objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element – establishing a defendant's culpable state of mind.  *Id*.  The relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer*, 511 U.S. at 837; *Wilson v. Seiter,* 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.  Ordinarily, this will involve a showing that the prisoner brought his complaints to the attention of the defendant, but that serious health concerns were not addressed.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.

1992).  It is well settled that mere negligence is not enough.  *See*, *e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Plaintiff's complaint fails to meet these minimal pleading standards.  Contaminated water, if a prisoner is forced to drink it, could be considered an objectively serious threat to his health.  However, Plaintiff does not indicate that he suffered any injury or state how his health may have been placed at risk by the allegedly contaminated water.  In fact, he says that he cannot drink the water, suggesting that he may not have experienced any harm.  Further, the complaint fails entirely to state how Defendant Davis, the Vienna Warden, may be responsible for any alleged violations of Plaintiff's constitutional rights.  The pleading does not even remotely suggest that Defendant Davis had the requisite awareness to show deliberate indifference to any risk Plaintiff may have faced.  The complaint thus does not establish either the objective or the subjective component of an Eighth Amendment conditions claim.

**Disposition**

For the reasons stated above, this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455.00

appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  October 7, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge